Emery KLEIN et al., Plaintiffs,

v.

DEPARTMENT OF HOUSING &
URBAN DEVELOPMENT et al.,
Defendants.

No. 76 C 374.

United States District Court,
E. D. New York.

July 12, 1976.

Hauser & Rosenbaum, New York City,
W. Bernard Richland, Corp. Counsel by
Charles Olstein, Asst. Corp. Counsel, New
York City, for Dept. of Housing & Redevelopment.

Lindenbaum & Young, Brooklyn, N. Y.,
for Rent Stabilization Ass'n.

David G. Trager, U. S. Atty., E. D.,
Brooklyn, N. Y. by Lewis F. Tesser, Asst.
U. S. Atty., for defendants HUD and FHA.

Sheldon Lobel, Woodside, N. Y., for defendants Beberman, Tomasino, Brisman,
and Glazer.

## MEMORANDUM AND ORDER

PLATT, District Judge.

Plaintiffs, who are tenants in the Monroe
Apartments, a residential apartment building in the City of New York having approximately 76 rental units, have brought suit:
(i) to enjoin the defendants FHA and HUD
from attempting to prevent agencies of
New York City and New York State from
carrying out their alleged duties regarding
the monitoring of landlord-tenant relations
at plaintiffs' apartments; (ii) for a declaration that such apartments are subject to the
rent control laws of the City of New York;
(iii) to enjoin the landlord during the pendency of the action from attempting to collect any increased rents; (iv) for an entry
of judgment in favor of the plaintiffs in the
amount of Seven Hundred Fifty Thousand
($750,000) Dollars plus counsel fees; and (v)
to receive a hearing at which will be deter-

mined the maximum rent to be paid by each plaintiff for his apartment.

By an order to show cause plaintiffs moved for a temporary injunction to prevent the defendant landlords, Messrs. Beberman, Tomasino, Brisman and Glazer, from demanding any increased rents from them.

The Federal defendants (HUD and FHA) and the City defendant (HDA) have cross-moved to dismiss pursuant to FRCP 12(b)(1) and 12(b)(6) on the grounds that this Court lacks subject matter jurisdiction and that there exists no case or controversy for determination herein. Defendant Rent Stabilization Association (RSA) has joined in these motions.

Monroe Apartments is located at 45–31 51st, Woodside, New York, and was built in 1964. Mortgage insurance was provided by the Federal Housing Administration (an organizational unit of HUD) pursuant to 12 U.S.C. § 1213. In June 1971 Monroe Apartments was assigned to the Secretary of HUD and subsequently a receiver was appointed. In July 1972, the property was foreclosed by HUD.

During its period of ownership, HUD instituted a rent increase of approximately 15%.

On December 21, 1973, the apartments were sold to their present owners and a purchase money mortgage was taken back by HUD. The conveyance documents authorized the purchasers to implement rent increases so that the gross annual apartment rent roll would amount to $196,305. On October 29, 1974, HUD approved an increase in the gross potential shelter rent from $169,872. to $196,305. Initially HDA took the position that rent control applied and precluded such an increase, but in a letter dated October 29, 1974, HUD informed the HDA that HUD was, as to the specific increase at issue, asserting exclusive jurisdiction over the rents at the Monroe Apartments. That this assertion of jurisdiction was not prospective was thereafter confirmed by agreement of HUD's General Counsel and HDA to that effect on April 24, 1975.

On December 20, 1974, HDA exercised its power to remove the Monroe Apartments from its rent control. That removal, according to an affidavit sworn to April 12, 1976, by Daniel W. Joy, Commissioner of the Department of Rent and Housing Maintenance of the HDA, was intended to allow the owners of the Apartments to join the Rent Stabilization Association, and was "HDA's own determination, which would have taken place regardless of HUD's involvement." In fact, according to Joy's affidavit of March 24, 1976, that removal came at the request of RSA, not HUD.

On February 26, 1975, HUD published an interim rule on local rent control (40 Fed. Reg. 8189) which was effective upon publication and which required certain mortgagors when requesting a rent increase to file appropriate applications simultaneously with HUD and the local rent control authority. Under this rule, HUD could assert exclusive jurisdiction only when a delay or a decision of a local rent control authority jeopardized HUD's economic interest in a project. In a letter dated April 29, 1975, HDA informed the Rent Stabilization Association that HUD did not object to regulation of the premises under Rent Stabilization as long as such regulation did not interfere with HUD's economic interest, and urged the Association to take the necessary steps to impose Rent Stabilization. Despite this willingness on the part of HUD to permit local regulation, RSA has not acted to this day to bring the Monroe Apartments under its authority.

On February 5, 1975, the defendant owners applied to HUD's New York office for an additional increase in rents. On March 20, 1975, HUD approved the requested increase from $196,205 to $246,192.

This approval came of course before the letter from HDA to RSA dated April 29, 1975. However, it came some time after the Federal Register publication clearly indicated that HUD was willing to accept local rent regulation in buildings like the Monroe Apartments.

The upshot of the foregoing is that when the rent increase was approved on March

20, 1975, no local rent control applied to the Monroe Apartments. HDA withdrew controls voluntarily on December 20, 1974, and RSA never accepted the building for rent stabilization.

The gravamen of plaintiffs' complaint in this case is that the defendant HUD, in its joint capacity as mortgagee and agency of the federal government, asserted federal sovereignty to remove local rent control at Monroe Apartments and thereby permit the challenged rent increases, all without first giving the tenants a due process hearing. Defendants maintain that in light of the foregoing uncontested facts it is clear that neither HUD nor FHA has repealed local rent control, and that as a result there is before the Court no case or controversy, no substantial federal question, and no subject matter over which the Court has jurisdiction.

We note that if there has been no repeal of rent control, plaintiffs' due process contentions clearly do not state a claim against the federal defendants upon which relief can be granted. It is beyond dispute that when an agency of the United States, acting as mortgagee, merely permits a landlord to increase rents and in no way repeals a local government rent control regulation, such permission need not be preceded by hearings at which the tenants may be heard. *Langevin v. Chenango Court, Inc.,* 447 F.2d 296 (2d Cir. 1971); *Hahn v. Gottlieb,* 430 F.2d 1243 (1st Cir. 1970).

We agree with defendants that the uncontested facts indicate that when the Monroe Apartments rent increases were authorized, no local agency exercised or was endeavoring to exercise authority over those rents. It follows that there could not have been a repeal of local regulations when the increases were authorized. Under these circumstances the case is controlled by *Chenango Court,* and we conclude that no relief may be had by the plaintiffs from the Federal defendants.

Since we have considered affidavits and exhibits introduced by the parties in reaching this conclusion, we must treat defend-ants' motion as one for summary judgment rather than as a Rule 12 motion; but in any event judgment must be entered for the Federal defendants.

No contention is made that there is an independent federal jurisdictional basis for the suit against the remaining defendants, and accordingly we dismiss as to them pursuant to Rule 12. We note that an action between plaintiffs and at least some of those defendants is pending in State court.

It follows that the motion of the Federal defendants, which we treat as a motion for summary judgment, must be and hereby is granted, that plaintiffs' motion for an injunction is denied, and that the case is dismissed as to the remaining defendants.

In light of these conclusions, we need not consider the other jurisdictional points raised by the defendants.

SO ORDERED.